UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX

March 23, 2020

Stephen F. Shea, Esq.
Elkin and Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Amy C. Rigney, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd, Rm 617
Baltimore, MD 21235-6401

Subject: *Wendy S. v. Saul*[1]
Civil No.: 8:18-cv-03441-GLS

Dear Counsel:

Pending before this Court are cross-Motions for Summary Judgment. (ECF Nos. 10, 13). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule ("L.R.") 105.6. For the reasons set forth below, both Motions are **DENIED** and the SSA's judgment is **REMANDED** for further consideration.

### I.  BACKGROUND

Plaintiff filed a Title II Application for Disability Insurance Benefits on July 1, 2015, alleging that disability began February 24, 2012. (Tr. 12). This claim was initially denied on June 6, 2016, and upon reconsideration, denied again on November 9, 2016. (*Id.*). Plaintiff's request for a hearing was granted and the hearing was conducted on September 14, 2017, by an Administrative Law Judge ("ALJ"). (*Id.*). On November 2, 2017, the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (Tr. 12-26). On September 7, 2018, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1-5).

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

*Wendy S. v. Saul*
GLS-18-03441
March 23, 2020

On appeal to this Court, Plaintiff advances the following three arguments:[2] (1) the ALJ failed to implement the special technique when evaluating Plaintiff's mental impairments; (2) the ALJ erroneously assessed Plaintiff's residual functional capacity ("RFC"); and (3) the ALJ failed to acknowledge Plaintiff's "advanced age" when determining whether she could perform work in the national economy. (ECF 10-1, pp. 3-19)  The SSA counters that: (1) the ALJ's evaluation of Plaintiff's mental impairments and RFC analysis are supported by substantial evidence; and (2) the ALJ properly relied on the VE's testimony in finding that work existed in the national economy that Plaintiff could perform. (ECF No. 13-1, pp. 4-14).

## II.     ANALYSIS TO BE PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  An individual is deemed to have a disability if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant had engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's residual function capacity, i.e., the most the claimant could do despite his or her limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware', including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by his or her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that he or she is disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Id*. at 180.

Here, the ALJ found that Plaintiff suffered the following severe impairments: anxiety disorder; bipolar disorder; personality disorder; and migraine headaches. (Tr.14). Despite these impairments, the ALJ determined that Plaintiff retained the RFC to:

perform a full range of work at all exertional levels but with the following non-

---

[2] For the reasons set forth herein, this Court will only address the first issue.

exertional but with the following nonexertional limitations: work is limited to simple, routine, and repetitive tasks in a work environment free of fast-paced production, involving only simple work-related decisions with few if any workplace changes, and only occasional interaction with the public, co-workers, and supervisors. Also, in addition to regularly scheduled breaks, the claimant will be off task ten percent of the workday. (Tr. 16)

At the hearing before the ALJ, a vocational expert ("VE") testified about whether a hypothetical person with non-exertional limitations could perform Plaintiff's prior work. (Tr. 60-61). The VE stated that the Plaintiff could not perform her prior work. (Tr. 61-62). Next, the ALJ asked the VE whether a hypothetical person with the same limitations as the Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 61-62). The VE opined that the person could perform other work, e.g., as a plastic design applier, a small products assembler, and a laundry sorter. (Tr. 62-63). Therefore, the ALJ found that the Plaintiff was not disabled. (Tr. 26).

### III. DISCUSSION

Plaintiff maintains that ALJ erred by not following the "special technique" regulation. Specifically, the ALJ failed to: (a) correctly evaluate Plaintiff's functional limitations in the four required broad areas; and (b) explain her findings related to her application the special technique. (ECF No. 10-1, p.7). Defendant counters that if the Court reads the ALJ's decision as a whole, then it would find that the ALJ's "in-depth" step four analysis provides a sufficient explanation for the ALJ's application of the special technique. (ECF No. 13-1, p. 6). In addition, Defendant argues that the ALJ's opinion is not ambiguous, and that remand for "further articulation" is not warranted. (Id. at pp.6-7). For the reasons explained below, the Court agrees with the Plaintiff.

There is a special technique that the ALJ must follow when evaluating mental impairments. *See* 20. C.F.R. § 404.1520(a). First, the ALJ should review the evidence to determine whether the claimant has a medically determinable mental impairment. *Id.* Second, if the ALJ finds that a mental impairment exists, then he "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings." *Patterson v. Commissioner*, 846 F.3d 656, 659 (4th Cir. 2017)(quoting 20. C.F.R. § 404.1520a(b)(1)). Third, ALJ must rate the degree of a claimant's functional limitation(s) in four broad functional areas, which are predicated on a claimant's ability to: "(1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage [herself.]" *Id.* Finally, if an ALJ finds that a claimant has a severe mental impairment that neither meets nor is equivalent in severity to any Listing, then ALJ must assess a claimant's RFC. *Id.* An ALJ is to rate each functional limitation using a five-point scale: none, mild, moderate, marked, and extreme. *Id.* A claimant's mental impairment(s) meet(s) or medically equal(s) "The Listing" if an impairment result in two "marked" functional limitations or one "extreme" limitation.[3] *Id.*

---

[3] A "marked" limitation means that on a sustained basis, the claimant is functioning independently, appropriately, or effectively. An "extreme" limitation means that the Plaintiff cannot function functioning independently, appropriately, or effectively. 20 C.F.R. 404.1520a.

3

Finally, the ALJ must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings," *Patterson v. Commissioner*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20. C.F.R. § 404.1520a(b)(1)), as well as detail the functional limitations assessed. *See Chandler v. Colvin*, case No. 15-1408, 2016 WL 750549, at *2 (D.Md. February 24, 2016). If an ALJ fails to document how she applied the special technique, then remand is warranted. *Patterson, supra*, at 662.

First, I find that substantial evidence does not support the ALJ's analysis or implementation of the special technique. The ALJ stated the following in her decision: "As discussed below, the undersigned finds **up to** moderate limitations in understanding remembering, or applying information, in interacting with others, in concentrating, persisting, or maintaining pace, and in adapting or managing oneself." (Tr. 16) (emphasis added). The Court cannot determine whether this phrase means that the Plaintiff has no limitations, a mild, or a moderate limitation in any of the functional areas. I understand that the ALJ did not find a marked or extreme limitation in any of the functional areas. However, it is unclear to me what evidence the ALJ relied on to decide how she devised her nomenclature.

Second, although the Defendant argues that the ALJ provides a sufficiently descriptive step four analysis, I am unable to discern how the ALJ ultimately made her determination. The Court agrees that the ALJ summarized the medical evidence during her step 4 analysis. (Tr. 17-24). However, although the ALJ in this case assigned weight to each medical source opinion, the ALJ failed to narratively explain the reasons for each finding related to Plaintiff's functional limitation and cite to the relevant medical evidence. I am still unable to determine what medical evidence she relied on to make her determination for **each** of the functional areas. *Chandler v. Colvin* is instructive.

In *Chandler v. Colvin*, the ALJ failed to properly apply the special technique. *Chandler v. Colvin*, Case No. SAG-15-1408, 2016 WL 750549, at *2 (D.Md. February 24, 2016). The *Chandler* court opined that an ALJ has the "duty to discuss relevant evidence in each of the functional areas relevant to the application of the special technique." *Id.* The ALJ in *Chandler v. Colvin* assigned weight to each medical source's opinion and stated the degree of functional limitation in each area; however, the ALJ failed to cite to the evidence of record and explain the reasons for each finding. *Id.* Therefore, the court found that the ALJ's failure to provide a relevant explanation warranted remand. *Chandler v. Colvin* is analogous to this present case. In this case, the ALJ's actions are strikingly similar to the ALJ's actions in *Chandler*. In this case, the ALJ reiterated weight assigned to each medical source opinion but failed to specify the evidence or explanation for her findings. The ALJ's explanation of her findings is inadequate to permit meaningful review. At this juncture, I am unable to conclude that substantial evidence exists to support the ALJ's decision. *See Chandler, supra*, at *2; *Patterson*, at 659.

Third, Defendant relies on three cases to counter Plaintiff's arguments, all of which are distinguishable from the instant case: *Keene v. Berryhill*, 732 Fed.App'x 174, 176 (4th Cir. 2018); *McCartney v. Apfel*, 28 Fed. App'x 277, 279 (4th Cir. 2002); and *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). In *Keene v. Berryhill*, the claimant argued that the ALJ failed to provide a rationale for his conclusion at step three of the sequential analysis. 732 Fed.App'x at

176. The ALJ in *Keene* found that the claimant did not meet Listing 1.02, Major Dysfunction of a Joint. *Id*. The *Keene* court found that the ALJ's opinion as a whole was sufficient to "allow [the court] to determine that the ALJ performed an adequate review of the whole record and decision is supported by substantial evidence." *Id*. at 177. In this case, in contrast, the key flaw is that reading the ALJ's opinion as whole this Court is unable to determine how the ALJ applied the special technique. In *McCartney v. Apfel*, the claimant argued that the ALJ failed to review the evidence at step three of the analysis. 28 Fed. App'x at 279. The court found that the ALJ examined claimant's psychological limitation, and that the ALJ completed a "psychiatric review form" that tracked the requirements of the Listings, as well as outlined whether the claimant's mental impairment met those requirements. *Id*. at 280. Under those circumstances, remand was not warranted. *Id*. Contrary to *McCartney*, the ALJ in this case did not complete a psychiatric review. In *Fischer-Ross v. Barnhart*, the claimant argued that the ALJ failed to explain his/her step three findings. 431 F.3d at 733. In *Fischer-Ross*, the claimant suffered from physical impairments and no mental impairments. *Id*. at 734. The *Fischer-Ross* court found that remand was not warranted where the "findings [made in] other steps of the sequential process [provided] a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *Id*. at 734. *Fischer-Ross* is distinguishable from this case because this case lacks meaningful discussion of the step three or step four analysis as it relates to the application of the special technique. In addition, I am not persuaded that the ALJ properly explained her basis for her step three conclusion at any other step in her analysis. Therefore, this Court finds that remand is warranted.

Because the case is being remanded on other grounds, I need not address Plaintiff's remaining arguments. Also, because this transcript was filed with missing pages, the Court was unable to review the remaining arguments. However, on remand, the ALJ should consider: (a) whether her findings related to Plaintiff's RFC comport with the holdings in *Thomas v. Commissioner*, 916 F.3d. 307, 311-312 (4th Cir. 2019); *Walters v. Commissioner*, Civ. No. SAG 16-415, 2017 WL 211491, at *3 (D.Md. Jan. 18, 2017)(explanation required related to claimant's time "off task"); and *Fetter v. Commissioner*, 2016 WL 3646850, at *3 (D.Md. July 7, 2016) (addressing claimant's migraines in the RFC); and (b) whether the following provisions are relevant to determining Plaintiff's entitlement to disability benefits: 20 C.F.R. §§ 404.1563(d), (e); 20 C.F.R., Part 404, Subpart P, Appendix 2, Table 1 (Rule 201.06), Table 2 (Rule 202.06).

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 10), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 13), is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further analysis consistent with this opinion. The clerk is directed to **CLOSE** this case.

*Wendy S. v. Saul*
GLS-18-03441
March 23, 2020

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                              Sincerely,

                                              /s/
                                      The Honorable Gina L. Simms
                                      United States Magistrate Judge